

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JULIAN OKEAYAINNEH,

     **Plaintiff,**

                   Civil Action No. **3:18-cv-01195-BK**

**v.**

UNITED STATES DEPARTMENT OF
JUSTICE, Executive Office for United
States Attorneys, and U.S. OFFICE OF
PERSONNEL MANAGEMENT,

     **Defendants.**

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE

    Plaintiff submits the following material facts in dispute. Plaintiff submitted a Statement of Material Facts Not In Dispute, based on factual events that transpired. However, the Plaintiff's Dispute of Material facts is based on the events that did not transpire or occur in his FOIA request process according to the statutory and regulatory obligation of FOIA and the Department of Justice.

    **1.**    **Request No. EOUSA-2017-003409**

    Plaintiff submitted a FOIA Privacy Act request to EOUSA dated September 9, 2017. The request sought documents pertaining to the commission/appointment by a United States Attorney General, under 28 U.S.C. § 541, for the pertinent United States Attorney; the commission/appointment by a United States Attorney General, under 28 U.S.C. § 542, for the pertinent Assistant United States Attorney(s); and the Appointment Affidavits preserved for the pertinent individuals, pursuant to 5 U.S.C. § 2906, for the Oath of Office required by 5 U.S.C. § 3331 and 28 U.S.C. § 544. The request also sought documents pertaining to previous and current assignments/postings for **four attorneys** employed or formerly employed by the U.S. Attorney's Office for the District of Minnesota: **U.S. Attorneys B. Todd Jones and Gregory G. Brooker, Assistant U.S. Attorneys (AUSA's) Ann M. Anaya and Lola**

**Velazquez-Aguilu.** EOUSA assigned it tracing number **EOUSA-2017-003409.** (See **EOUSA Declaration, App.026-029).**

On October 31, 2017, EOUSA mailed the Plaintiff a letter informing him that EOUSA did not possess records pertaining to **Jones (USA) and Assistant U.S. Attorneys Anaya and Velazquez-Aguilu** and enclosing the one-page Appointment Affidavit form for **Greg G. Brooker - (AUSA),** while redacting pursuant to 5 U.S.C. § 552(b)(6) the signatures of the appointee and the U.S. Attorney. **(See EOUSA Declaration, App. 031.)**

Plaintiff disputes the material fact that the Defendants have adequately processed his FOIA request, according to statutory and regulatory obligations of FOIA and the DOJ. The Defendants failed to properly search for all records requested in the above requested number. The Defendants failed to search for the documents/records pertaining to the commission/appointment by a United States Attorney, under 28 U.S.C. § 542 for **AUSA's Lola Velazquez-Aguilu,** who was still employed with the U.S. Attorney's Office in Minneapolis, Minnesota at the time of the FOIA request. The Appointment Affidavit form is **not** this document.

### 2.   Request No. EOUSA-2018-000607

Plaintiff submitted a FOIA/Privacy Act request consisting of copies of **Request Nos. EOUSA-2017-003409 and -2018-000143** dated September 9, 2017 and September 25, 2017 respectively, to EOUSA. The requests sought documents pertaining to the commission/appointment by a United States Attorney General, under 28 U.S.C. § 541, for the pertinent United States Attorney; the commission/appointment by a United States Attorney General, under 28 U.S.C. § 542, for the pertinent Assistant United States Attorney(s); and the Appointment Affidavits preserved for the pertinent individuals, pursuant to 5 U.S.C. § 2906, for the Oath of Office required by 5 U.S.C. § 3331 and 28 U.S.C. § 544. The requests also sought documents pertaining to previous and the current assignment for **four attorneys** employed or formerly employed by the U.S. Attorneys Office for the District of Minnesota:  **U.S.Attorneys B. Todd Jones and Gregory G. Brooker, ... AUSA's Ann M. Anaya and Lola Velazquez-Aguilu.** While the other request also sought the same documents mentioned above for **four attorneys** employed or formerly employed by the U.S. Attorney's Office for the Central District of California: **U.S. Attorneys Ronald L. Cheng and Kevin Scott Rosenberg, along with AUSA's David A. Kettel, Becky S. Walker, Kevin Scott Rosenberg and Ronald L. Cheng.** EOUSA assigned it tracking number **EOUSA-2018-000607.**

On December 4, 2017, EOUSA mailed Plaintiff a letter advising that no records were located for **Velazquez-Aguilu** and enclosing a two one-page Appointment Affidavit forms for **AUSA's Greg Brooker and Kevin L. Rosenberg,** redacting pursuant to 5 U.S.C. § 552(b)(6) and 5 U.S.C. § 552(b)(7)(C) the signatures of the appointee and another U.S. Attorney's Office employee. **(See EOUSA Declaration, App. 051 and App. 053.)**

Plaintiff disputes the material fact that the Defendants have adequately processed his FOIA request, according to statutory and regulatory obligations of FOIA and the DOJ. The Defendants failed to search for documents pertaining to the commission/appointment by a United States Attorney General under 28 U.S.C. § 542 for **Assistant U.S. Attorneys Gregory G. Brooker along with Kevin Scott Rosenberg.** The Appointment Affidavit forms is **not** this document.

### 3.   Request No. EOUSA-2018-001927

Plaintiff submitted a third FOIA/Privacy Act request, dated December 26, 2017, to EOUSA. The request sought documents pertaining to the commission/appointment by a United States Attorney General, under 28 U.S.C. § 541, for the pertinent United States Attorney; the commission/appointment by a United States Attorney General, under 28 U.S.C. § 542, for the pertinent Assistant United States Attorney(s); and the Appointment Affidavits preserved for the pertinent individuals, pursuant to 5 U.S.C. § 2906, for the Oath of Office required by 5 U.S.C. § 3331 and 28 U.S.C. § 544. The request also sought documents pertaining to previous and the current assignments for **three attorneys** employed or formerly employed by the U.S. Attorney's Office or the District of Minnesota: **U.S. Attorney B. Todd Jones and Assistant U. S. Attorneys Erika R. Mozangue and John Docherty.** The request also sought a **"copy about the conclusion and findings of my criminal I filed in January of 2012, of a possible prosecutor's misconduct against Ann M. Anaya (Ex-Ausa)"** in the Plaintiff's Minnesota federal criminal case no. 11/87 (MJD)-(1), and records pertaining to why the department of Justice **"suddenly terminated Ann M. Anaya's (Ex-Ausa) employment in April of 2013, -- an aspiring future federal judge."** EOUSA assigned it tracking number **EOUSA-2018-001927.**

On February 8, 2018, EOUSA mailed Plaintiff a letter advising that no records were located for **Jones (USA) and Mozangue (AUSA)** and enclosing the **One-page** Appointment Affidavit form for **AUSA John Francis Docherty,** redacting pursuant to 5 U.S.C. § 552(b)96) and 5 U.S.C. § 552(b)(7)(C) the signature  of the appointee

(and without redaction of the signature of the district judge who administered the oath). (See EOUSA Declaration App. 076.)

Plaintiff disputes the material fact that the Defendants have adequately processed his FOIA request, according to statutory and regulatory obligations of FOIA and the DOJ. The Defendants failed to search for documents pertaining to the commission/appointment by a United States Attorney General under 28 U.S.C. § 542 for **Assistant U.S. Attorney John Francis Docherty [ whose employment with USDOJ - U.S. Attorney's Office in Minneapolis, Minnesota was terminated on 01/09/2012 (see Plaintiff Exhibit App. 007)]**. The Appointment affidavit is **not** this document.

### 4.   Request No. EOUSA-2018-005886

Plaintiff submitted a FOIA/Privacy Act request, dated September 1, 2018, to EOUSA. The request sought documents pertaining to the commission/appointment by a United States Attorney General, under 28 U.S.C. § 541, for the pertinent United States Attorney; the commission/appointment by a united States Attorney General, under 28 U.S.C. § 542, for the pertinent Assistant United States Attorney(s); and the Appointment Affidavit preserved for the pertinent individuals, pursuant to 5 U.S.C. § 2906, for the Oath of Office required by 5 U.S.C. § 3331 and 28 U.S.C. § 544. The request also sought documents pertaining to previous and the current assignments for **four attorneys** employed or formerly employed by the U.S. Attorney's Office for the District of Minnesota: **U.S. Attorney Erica Hinkle MacDonald and Assistant U.S. Attorneys Lisa D. Kirkpatrick, Gregory G. Brooker, and Lolita A. Velazquez-Aguilu.** EOUSA assigned it tracking number **EOUSA-2018-005886.**

On October 12, 2018, EOUSA mailed Plaintiff a letter advising that no records were located for **Lisa D. Kirkpatrick** and enclosing the appointment/commission letter effective **January 5, 2018** by the Attorney General **Jeff Sessions III**, of **Gregory G. Brooker as interim United States Attorney and Appointment Affidavit forms as interim U.S. Attorney** and previously released Appointment Affidavit for **Brooker** dated **12/5/2000**, along with Appointment Affidavit forms for **USA MacDonald and AUSA Velazquez-Aguilu**, redacting pursuant to 5 U.S.C. § 552(b)(6) and 5 U.S.C. § 552(b)(7)(C) the signatures of the appointee **(and without redaction of the signatures of the district judge who administered the oaths). (See EOUSA Declaration App. 114, App. 116, App. 118 and App. 120).**

Page 4

Plaintiff disputes the material fact that the Defendants have adequately processed his FOIA request, according to statutory and regulatory obligations of FOIA and the DOJ. The Defendants failed to search for documents pertaining to the commission/appointment by a United States Attorney General under 28 U.S.C. § 541 for United States Attorney **MacDonald** and under 28 U.S.C. § 542 for Assistant U.S. Attorney **Velazquez-Aguilu.** The Appointment Affidavit forms is **not** this document.

**Plaintiff** filed an appeal for lack of response from EOUSA to OIP, based **on EOUSA's** past history of non-compliance. **OIP** assigned tracking number **DOJ-AP-2019-000634.**

On April 25, 2019, **OIP** mailed Plaintiff a letter advising that after carefully considering his appeal, and as a result of discussions between EOUSA personnel and OIP, **"I [Matthew Hurd – OIP Associate Chief ] am remanding your [ Plaintiff ] request, in part, to EOUSA for further processing of certain responsive records." (See Plaintiff's exhibit K, Apps. 246 – 252).**

5.    Request No. EOUSA-2018-000143

Plaintiff submitted to EOUSA a second FOIA/Privacy Act request, dated September 25, 2017. The request sought documents pertaining to the commission/appointment by a United States Attorney General, under 28 U.S.C. § 541, for the pertinent United States Attorney; the commission/appointment by a United States Attorney General, under 28 U.S.C. § 542, for the pertinent Assistant United States Attorney(s); and the Appointment Affidavits preserved for the pertinent individuals, pursuant to 5 U.S.C. § 1906, for the Oath of Office required by 5 U.S.C. § 3331 and 28 U.S.C. § 544. The request also sought documents pertaining to the previous and current assignments/postings for **four attorneys** employed or formerly employed by the U.S. Attorney's Office for the Central District of California: **U.S. Attorneys Ronald L. Cheng and Kevin Scott Rosenberg, along with Assistant U.S. Attorneys David A. Kettel, Becky S. Walker, Ronald L. Cheng, and Kevin Scott Rosenberg.** EOUSA's FOIA staff received this request on October 11, 2017 and assigned it tracking number **EOUSA-2018-000143. (See EOUSA Declaration pg. 7, App. 007).**

On October 31, 2017, EOUSA mailed the Plaintiff a letter informing him that EOUSA possessed no records responsive to his September 25, 2017 request. **(See EOUSA Declaration, pg. 8, App. 008.)**

The Plaintiff disputes the material fact that EOUSA properly process this request. EOUSA was under obligation to forward this request to the proper agency holding the records once it ascertained that the individuals were no longer employees; they were then obligated to forward this request to the National Archives Federal Records Center for processing, according to statutory and regulatory obligations of FOIA and the DOJ.

**6.   Plaintiff submitted FOIA/Privacy Act requests to NPRC, and NPRC produced responsive, non-exempt records.**

**Plaintiff's four requests**

Plaintiff also submitted requests to NPRC pursuant to FOIA and the Privacy Act, also requesting documents pertaining to the appointments of and previous and current assignments/postings for several attorneys employed or formerly employed by the U.S. Attorney's Office for the District of Minnesota or the Central District of California and/or by the Department of Homeland Security. Specifically, Plaintiff submitted **five** such requests to NPRC: a letter dated November 13, 2017, addressed to the NPRC's facility in Valmeyer, Illinois **( a duplicate of this letter was sent on March 24, 2018);** a letter dated December 27, 2017, addressed to the NPRC's facility in Valmeyer, Illinois; a letter dated February 20, 2018, addressed to the NPRC's facility in Valmeyer, Illinois; and a letter dated February 20, 2018, addressed to the NPRC's facility in St. Louis, Missouri.

Substantively, the four letters set forth **four distinct** requests: **1) "[a] a copy of the document pertaining to the commission/appointment by a United States Attorney General"** for U.S. Attorney(s) **B. Todd Jones, Gregory G. Brooker – District of Minnesota, and Nicole Guzman – DHS, District of Arizona; 2) "[a] a copy of the document pertaining to the commission/appointment by a United States Attorney General"** for Assistant U.S. Attorneys **Ann M. Anaya, John Docherty, Erika R. Mozangue, Lola/Lolita Velazquez-Aguilu, Jeffrey Paulsen – District of Minnesota, and Sarah L. Hartnett and Danielle Sigmund – DHS , District of Arizona; 3) "[a] a copy of the Appointment Affidavits preserved for"** U.S. Attorneys **Anaya, Brooker, Docherty, Jones, Mozangue, Paulsen, Velazquez-Aguilu – District of Minnesota, and Guzman, Hartnett and Sigmund – DHS, District of Arizona;** and **4) "[a] a copy of the previous and current assignment/postings(s)"** for the same individuals who were listed in **item four (4).** Together, these requests to NPRC named the same **ten (10) individuals** who were the subject of Plaintiff's **suit** and **requests** to EOUSA.

Plaintiff's **November 13, 2017 or the December 27, 2017 requests** were **not** processed according to statutory and regulatory obligations of FOIA and the DOJ. NPRC Valmeyer had **twenty (20)** working days to respond and it failed to do so. **NPRC Valmeyer** did not respond to **Plaintiff's November 13, 2017 or the December 27, 2017 request's** at the time they were submitted due to **"an administrative oversight and negligence"**. NPRC Valmeyer does not have a defense for this violation of law.

**7.   NPRC did not request additional information from Plaintiff.**

In its letters dated March 20, 2018, NPRC responded to Plaintiff's February 20, 2018 request by amongst other things, denying the requests, by way of - **" THE INFORMATION REQUESTED, OATH OF OFFICE & CERTIFICATE OF APPOINTMENT ARE NOT RELEASABLE UNDER FREEDOM OF INFORMATION ACT GUIDELINES."** and chose **not to** request for additional information to allow a further search for responsive records. **(See Defendant OPM/NPRC Declaration at Apps. 175 through 190**

Plaintiff disputes the material fact because NPRC failed to properly respond to  Plaintiff's November 13, 2017 or the December 27, 2017, and failed to make a determination that would allow the Plaintiff to appeal. In a faulty appeal process, the NPRC failed to inform the Plaintiff of his rights to due process through an appeal, pursuant to **CFR 294.110.** NPRC never offered the Plaintiff a proper reason to respond, based on its violation of law.

It is now clear to this Court that **NPRC** already had sufficient information to process the FOIA requests without additional information, as stated in Plaintiff's Appeal Letters dated April 9, 2018, that:

> **"refusing to release copies of information requested, to wit; [ Oath of Office & Certificate of Appointments and Commission/ appointment letters ]** contracts 5 U.S.C. §§ 552 and 552(a)**"**
>
> **(See Plaintiff's Exhibit App. 014 ).**

**8.   Plaintiff's One Appeal Letter**

NPRC is not aware of One letter addressed by the Plaintiff to **OIP** entitled **" FREEDOM OF INFORMATION ACT APPEAL ",** dated April 9, 2018, addressed to Office of Information Policy - under the Department of Justice.

Plaintiff draws attention to the fact while NPRC states that it is not aware of Plaintiff's submitting an administrative appeal to its March 20, 2018 response. **However,** if offers no explanation for not informing Plaintiff of his rights to due process through an appeal, pursuant to **CFR 294.110.** NPRC utterly

failed to process the Plaintiff's **: 1) November 13, 2017; 2) December 27, 2017; and
the 3) February 20, 2018,** requests according to statutory and regulatory obligations
of FOIA and the DOJ.

**9. NPRC produced responsive, non-exempt records.**

On April 25, 2019 NPRC  sent Plaintiff a supplemental response to his
February 20, 2018 requests. NPRC informed the Plaintiff that it has records for
only former employees **Anaya, Mozangue, Jones and Hartnett,** and that its response
was therefore limited to Plaintiff's requests for records related to those
individuals. The material that NPRC released, consisted of the Appointment Affidavit
forms for **Anaya** dated **04/22/2002 and  03/20/2003 [NPRC Declaration Exhibit at
Apps. 204-205 ], Mozangue** dated 04/04/2004 and 12/30/2002 [ **NPRC Declaration Exhibit
at Apps. 206-207 ],** while **Jones and Hartnet are "charged out" ( NPRC Declaration
Exhibits at Apps. 202-203 ].**

Plaintiff disputes the material fact that NPRC feels that it has satisfied
the FOIA request of the Plaintiff with the produced documentation and explanations
of its exempted responsive records. Plaintiff contends that the obligation to
produce records for all of his requests has **not** been satisfied and accomplished.
NPRC has provided Appointment Affidavit forms for the **two former employees** noted
above. **("This is the first time in which Plaintiff Okeayainneh has learned that
NPRC handles records only for former employees.")**

However, NPRC has not completed its search and provided a determination
about the **commission/appointment** by a United States Attorney General under 28 U.S.C.
§ 541 for the above mentioned U.S. Attorneys and information pertaining to the
**commission/appointment** of a United States Attorney General, under 28 U.S.C. § 542
for the above mentioned Assistant U.S. Attorneys.

Respectfully submitted,
"**Without Prejudice**"

By: _____
**Julian Okeayainneh,c/o:20515112 (pro se Plaintiff)**
Federal Correctional Complex-2
Post Office Box 5010
Oakdale, Louisiana [71463]

Page 8