# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JULIAN OKEAYAINNEH, | § | |
| | § | |
|    PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | CASE NO. 3:18-CV-1195-BK |
| UNITED STATES DEPARTMENT OF JUSTICE, EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, AND U.S. OFFICE OF PERSONNEL MANAGEMENT, | § § § § § § | |
| | § | |
|    DEFENDANTS. | § | |

## MEMORANDUM OPINION

Pursuant to the parties' consent to proceed before the undersigned magistrate judge, this cause is ripe for a ruling on the parties' cross-motions for summary judgment. Doc. 60; Doc. 63. For the reasons that follow, Defendants' *Motion for Summary Judgment* is **GRANTED**, and Plaintiff's *Cross-Motion for Partial Summary Judgment* is **DENIED**.[1]

## I. BACKGROUND

This case stems from Plaintiff's Freedom of Information Act ("FOIA") requests served on the Executive Office for United States Attorneys ("EOUSA") and the National Personnel Records Center ("NPRC").[2] Following unsuccessful administrative appeals of the outcome of

---

[1] Although Plaintiff filed his motion was filed well past the Court's April 26, 2019 deadline for dispositive motions, the Court has nevertheless elected to consider it on the merits rather than strike it as untimely. *See* Doc. 59.

[2] NPRC was originally a defendant in this action as well, but OPM was later substituted as the appropriate party. Doc. 27.

the searches for the information sought, Plaintiff filed this action. Doc. 53. Defendants now move for summary judgment, and Plaintiff has filed a cross-motion for partial summary judgment. Doc 60; Doc. 63.

## II. APPLICABLE LAW

In general, summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The FOIA was enacted to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010) (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976)). Thus, in the FOIA context, the traditional summary judgment standard is modified because "the threshold question in any FOIA suit is whether the requester can even *see* the documents the character of which determines whether they can be released." *Id.* (emphasis in original) (quoting *Cooper Cameron Corp. v. U.S. Dep't of Labor, OSHA*, 280 F.3d 539, 543 (5th Cir. 2002)). In either a typical case or a FOIA case, however, a party's conclusory and self-serving statements are insufficient to defeat summary judgment. *Koerner v. CMR Const. & Roofing, LLC*, 910 F.3d 221, 227 (5th Cir. 2018).

## III. UNDISPUTED EVIDENCE OF RECORD

Defendants have submitted evidence in support of their summary judgment motion that demonstrates the following: Between September 2017 and September 2018, Plaintiff submitted the 11 FOIA requests that are at issue in this case. In a series of overlapping requests, Plaintiff sought the following documents from EOUSA, OPM, and NPRC pertaining to numerous attorneys who were employed or formerly employed by U.S. Attorney's Offices and/or the Department of Homeland Security: (1) "a copy of the document pertaining to the

2

commission/appointment by a United States Attorney General" for the attorneys; (2) "a copy of the Appointment Affidavits" for the attorneys; and (3) as for some of the attorneys, their "previous and current assignments/posting(s) . . . and the dates the postings began and ended." *See* Doc. 62 at 29, 38-39, 47-50; Doc. 62 at 60, 67, 74-75; Doc. 62 at 92; Doc. 62 at 109, 111, 139-40.

Plaintiff also separately sought: (1) "a copy about the conclusion and findings of my criminal complaint I filed in January of 2012, of a possible prosecutor's misconduct against Ann M. Anaya (Ex-AUSA)" relating to Plaintiff's federal criminal case in Minnesota; (2) "records pertaining to why the Department of Justice (DOJ) suddenly terminated [Anaya's] employment in April of 2013"; (3) "a copy of the authority terminating [Anaya's] employment"; and (4) "a copy of the written authorization of the appointment by the [President] and a copy of the Oath of Office" for former Attorney Generals Eric Holder and Loretta Lynch. Doc. 62 at 75, 83; Doc. 62 at 100.

Theodore B. Smith is an Attorney-Advisor with the EOUSA and is assigned to that agency's FOIA/Privacy Act staff (the "FOIA Staff"). Doc. 62 at 3. He has submitted a Declaration averring that, due to his position, he is familiar with the procedures the EOUSA follows in receiving and responding to FOIA requests, as well as the case management systems EOUSA maintains for those purposes. Doc. 62 at 4. Kimberly A. Gentile, Assistant Director for Civilian Records for the NPRC, submitted a similar declaration outlining that agency's FOIA procedures. Doc. 62 at 156-164.

While Plaintiff submitted a pleading titled "Statement of Material Facts in Dispute," Doc. 66, it is not sworn under penalty of perjury and thus does not constitute controverting evidence.

3

*See, e.g.*, *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991) (holding that unsworn allegations in plaintiff's complaint were insufficient to defeat summary judgment). Plaintiff also submitted a Declaration in which he alleges in conclusory fashion that "Defendants have not conducted a reasonable search for records responsive to all of my FOIA requests, not [sic] have they processed all of my requests" and Defendants "fail to address all of my requests in writing or otherwise." *See* Doc. 65. These contentions, being both vague and speculative, also are not sufficient to defend against a motion for summary judgment. *Koerner v. CMR Const. & Roofing, LLC*, 910 F.3d 221, 227 (5th Cir. 2018) (holding that "[s]elf-serving allegations are not the type of significant probative evidence required to defeat summary judgment," and "a vague or conclusory affidavit [without more] is insufficient to create a genuine issue of material fact in the face of conflicting probative evidence.") (quoting *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013)).

## IV. PARTIES' ARGUMENTS AND ANALYSIS

As relevant here, Defendants argue that the evidence demonstrates that they met their duty under FOIA to search for and produce documents responsive to Plaintiff's requests and Plaintiff cannot show that any responsive, non-exempt documents or portions thereof were withheld.[3] Doc. 61 at 22-28.

Plaintiff contends in his own summary judgment motion that EOUSA did not properly process the FOIA requests, adequately search for the requested documents, or comply with

---

[3] Although NPRC acknowledges overlooking Plaintiff's November 2017 and December 2017 FOIA requests due to an administrative oversight, Plaintiff re-sent the latter request in March 2018, at which time it was timely processed. Moreover, both 2017 requests were duplicative of several of Plaintiff's other FOIA requests to which EOUSA responded. Doc. 62 at 161.

4

FOIA's time limits for responding to some of his requests. Doc. 63 at 1-2. Plaintiff contends that NPRC demonstrated similar shortcomings and twice did not inform him of his right to appeal. Doc. 63 at 2. Finally, Plaintiff asserts that he is entitled to conduct discovery to determine whether Defendants properly interpreted his FOIA requests and if their searches were reasonable. Doc. 65 at 294. All of Plaintiff's arguments are baseless.

In analyzing the affidavits and declarations submitted by a government agency, the agency is entitled to a "presumption of legitimacy" unless there is evidence of bad faith in the agency's handling of a FOIA request. *Batton*, 598 F.3d at 176 (citing *U.S. Dep't of State v. Ray*, 502 U.S. 164, 179 (1991)). There is not a hint of bad faith in the evidence presented in this case. Accordingly, the procedures and actions described by Smith and Gentile in their affidavits are presumptively legitimate. *Id.* Because Plaintiff's primary challenge is to the adequacy of Defendants' FOIA searches, the Court will consider that issue first.

An agency may demonstrate that it conducted an adequate search by showing that it used methods that could reasonably be expected to produce the information requested. *Id.* (citation omitted). Smith attests in his Declaration that during the relevant time frame, Plaintiff filed 11 FOIA requests with EOUSA. Doc. 62 at 5. As to each one, Smith describes in detail: (1) FOIA Staff's receipt of the request; (2) the nature of the documents requested; (3) how FOIA Staff either forwarded the request to another component of the Department of Justice or instructed EOUSA's human resources personnel to search for responsive records, except those with blanket exemptions; (4) the documents human resource staff located, if any; and (5) FOIA Staff's actions in sending Plaintiff responsive documents (redacted if necessary) or letters informing him that it

had no documents, denying his request, or advising him to seek responsive records from a different agency.  Doc. 62 at 8-19.

Gentile avers in her Declaration that a mail analyst searched the NPRC's "Archives and Records Centers Information System" for the records of all the individuals listed in Plaintiff's FOIA requests.  Doc. 62 at 162.  After the analyst found all possibly responsive records for those individuals, NPRC staff reviewed the records and located the responsive official personnel folders ("OPFs") for two individuals, which were mailed to Plaintiff on April 25, 2019.  Doc. 62 at 162-63.  The OPFs of two other individuals had been "charged out" to other agencies in 2004 and 2009.  Doc. 62 at 163.  No records were found for the remaining six individuals.  Doc. 62 at 163.

Based on Smith's and Gentile's Declarations, the Court concludes that the FOIA searches in this case were "reasonably calculated to yield responsive documents" and were thus adequate.  *Batton*, 598 F.3d at 176.  As noted above, Plaintiff presented no probative evidence in support of his assertions to the contrary because his conclusory averments are entirely insufficient to create a genuine issue of material fact.  As to Plaintiff's remaining arguments, he does not explain how NPRC's failure to inform him of his right to appeal prejudiced him, as he filed the instant action before the NPRC had even sent him its final FOIA response.  *See* Doc. 62 at 161; Doc. 62 at 196-98.  Finally, Plaintiff's assertion that he is entitled to conduct discovery is without merit as the Court previously informed him.  *See* Doc. 50 at 4 (citing *CareToLive v. Food and Drug Admin.*, 631 F.3d 336, 345 (6th Cir. 2011) ("Claims under the [FOIA] are typically resolved without discovery on the basis of the agency's affidavits")).

6

## V. SANCTION

28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, bars a prisoner from bringing a civil action or appealing a judgment in a civil action under that section, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." An action is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action lacks an arguable basis in law if it is based on an "undisputably meritless legal theory," and lacks an arguable basis in fact "if the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

Here, as noted above, Plaintiff presented no factual support for his claims that Defendants violated FOIA, which he would have needed to do in order to controvert the evidence Defendants presented in support of their summary judgment motion. As such, the Court concludes that this case is frivolous. *Id.* Accordingly, it will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g). *See Blakely v. Wards*, 738 F.3d 607, 616-18 (4th Cir. 2013) (holding that dismissal on summary judgment when a case is "frivolous, malicious, or fails to state a claim upon which relief may be granted" qualifies as a "strike" for purposes of section 1915(g)); *see also Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) (stating that when reviewing a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture of the case is immaterial as the proper focus is whether

7

the dismissal was because the action was frivolous, malicious, or failed to state a claim) (citation omitted).

Plaintiff already has accumulated at least one strike. *See Okeayainneh v. U.S. Dep't of Justice*, 789 Fed. App'x 469 (5th Cir. Jan. 8, 2020) (affirming district court's dismissal of case as frivolous and issuing section 1915(g) sanction warning).

## VI. CONCLUSION

For the reasons detailed above, Defendants' *Motion for Summary Judgment*, Doc. 60, is **GRANTED**, and Plaintiff's *Cross-Motion for Partial Summary Judgment*, Doc. 63, is **DENIED**. This action is **DISMISSED WITH PREJUDICE**. This dismissal counts as a strike under Section 1915(g). Plaintiff is cautioned that if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. Section 1915(g).

**SO ORDERED** on March 5, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE